UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                           :

UNITED STATES OF AMERICA

                           :     CONSENT PRELIMINARY ORDER

     - v. -                      OF FORFEITURE AS TO

                           :     SPECIFIC PROPERTY

JULIUS DELGADO,

                           :     25 Cr. 79 (CM)

     Defendant.

                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/5/2025

WHEREAS, on or about February 27, 2025, JULIUS DELGADO (the "Defendant"), was charged in a one-count Indictment, 25 Cr. 79 (CM) (the "Indictment"), with possession of a firearm and ammunition after a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1) (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count One of the Indictment, including but not limited to the following:

      a.     A Taurus PT709, 9mm pistol, with defaced serial number TRF03253 (the "Firearm");

      b.     Six rounds of Perfecta 9mm luger caliber cartridges (the "Ammunition");

WHEREAS, on ~~or about~~ _June 5, 2025_, the Defendant pled guilty to Count One, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States, Section 2461(c), all right, title, and interest of the Defendant in the following property seized by the Government on or about

July 18, 2024, from the Major Deegan Expressway near the overpass at West 225th Street, Bronx, New York:

      a.      the Firearm;

      b.      the Ammunition; and

      c.      one Taurus magazine;

(a. through c., collectively, the "Specific Property");

WHEREAS, the Defendant consents to the forfeiture of all his right, title, and interest in the Specific Property as being involved in the offense charged in Count One of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Angela Zhu, of counsel, and the Defendant and his counsel, Michael Rooney, Esq., that:

1.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to the Specific Property is final as to the Defendant

JULIUS DELGADO and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Consent Preliminary Order of Forfeiture as to the Specific Property, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers.  The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.      Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure,

the Government shall send notice to any person who reasonably appears to be a potential claimant

with standing to contest the forfeiture in the ancillary proceeding.

7.      Upon adjudication of all third-party interests, this Court will enter a Final

Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code,

Section 853(n), in which all interests will be addressed.

8.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the

United States Attorney's Office is authorized to conduct any discovery needed to identify, locate,

or dispose of forfeitable property, including depositions, interrogatories, requests for production

of documents, and the issuance of subpoenas.

9.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order

of Forfeiture as to the Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the

Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10.     The signature page of this Consent Preliminary Order of Forfeiture as to the

Specific Property may be executed in one or more counterparts, each of which will be deemed an

original, but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By:  _____          5/7/2025
     ANGELA ZHU                                  DATE
     Assistant United States Attorney
     26 Federal Plaza
     New York, NY 10278
     (212) 637-1027


JULIUS DELGADO


By:  _____          6/5/2025
     JULIUS DELGADO                              DATE


By:  _____          6/5/2025
     MICHAEL ROONEY, ESQ.                        DATE
     Attorney for Defendant
     52 Duane Street, 10th Floor
     New York, NY 10007


SO ORDERED:

_____               6/5/2025
HONORABLE COLLEEN McMAHON                        DATE
UNITED STATES DISTRICT JUDGE


5